UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| AMBER MICHELLE CLIFFORD,<br><br>                      Plaintiff,<br><br>     v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>                      Defendant. | Case No. 3:13-cv-05999-BHS-KLS<br><br>REPORT AND RECOMMENDATION<br><br>Noted for August 29, 2014 |

Plaintiff has brought this matter for judicial review of defendant's denial of her applications for disability insurance and supplemental security income ("SSI") benefits. This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule MJR 4(a)(4) and as authorized by Mathews, Secretary of H.E.W. v. Weber, 423 U.S. 261 (1976). After reviewing the parties' briefs and the remaining record, the undersigned submits the following Report and Recommendation for the Court's review, recommending that for the reasons set forth below, defendant's decision to deny benefits be reversed and this matter be remanded for further administrative proceedings.

FACTUAL AND PROCEDURAL HISTORY

On April 7, 2010, plaintiff filed an application for disability insurance benefits and another one for SSI benefits, alleging in both applications she became disabled beginning January 1, 2008. See ECF #12, Administrative Record ("AR") 11. Those applications were denied upon initial administrative review on September 15, 2010, and on reconsideration on

REPORT AND RECOMMENDATION - 1

January 25, 2011. See id.  A hearing was held before an administrative law judge ("ALJ") on June 6, 2012, at which plaintiff, represented by counsel, appeared and testified, as did a vocational expert. See AR 28-63.

In a decision dated August 22, 2012, the ALJ determined plaintiff to be not disabled. See AR 11-23.  Plaintiff's request for review of the ALJ's decision was denied by the Appeals Council on September 19, 2013, making that decision the final decision of the Commissioner of Social Security (the "Commissioner"). See AR 1; 20 C.F.R. § 404.981, § 416.1481.  On November 19, 2013, plaintiff filed a complaint in this Court seeking judicial review of the Commissioner's final decision. See ECF #1.  The administrative record was filed with the Court on February 27, 2014. See ECF #12.  The parties have completed their briefing, and thus this matter is now ripe for the Court's review.

Plaintiff argues defendant's decision to deny benefits should be reversed and remanded for further administrative proceedings, because the ALJ erred in failing to fully account for all of the mental functional limitations found by Christmas Covell, Ph.D., and in discounting plaintiff's credibility.  For the reasons set forth below, the undersigned agrees the ALJ erred as alleged in regard to the limitations Dr. Covell found – and thus in determining plaintiff to be not disabled – and therefore recommends that defendant's decision to deny benefits be reversed on this basis and that this matter be remanded for further administrative proceedings.

DISCUSSION

The determination of the Commissioner that a claimant is not disabled must be upheld by the Court, if the "proper legal standards" have been applied by the Commissioner, and the "substantial evidence in the record as a whole supports" that determination. Hoffman v. Heckler, 785 F.2d 1423, 1425 (9th Cir. 1986); see also Batson v. Commissioner of Social Security

REPORT AND RECOMMENDATION - 2

Admin., 359 F.3d 1190, 1193 (9th Cir. 2004); Carr v. Sullivan, 772 F.Supp. 522, 525 (E.D. Wash. 1991) ("A decision supported by substantial evidence will, nevertheless, be set aside if the proper legal standards were not applied in weighing the evidence and making the decision.") (citing Brawner v. Secretary of Health and Human Services, 839 F.2d 432, 433 (9th Cir. 1987)).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (citation omitted); see also Batson, 359 F.3d at 1193 ("[T]he Commissioner's findings are upheld if supported by inferences reasonably drawn from the record."). "The substantial evidence test requires that the reviewing court determine" whether the Commissioner's decision is "supported by more than a scintilla of evidence, although less than a preponderance of the evidence is required." Sorenson v. Weinberger, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975). "If the evidence admits of more than one rational interpretation," the Commissioner's decision must be upheld. Allen v. Heckler, 749 F.2d 577, 579 (9th Cir. 1984) ("Where there is conflicting evidence sufficient to support either outcome, we must affirm the decision actually made.") (quoting Rhinehart v. Finch, 438 F.2d 920, 921 (9th Cir. 1971)).[1]

The ALJ is responsible for determining credibility and resolving ambiguities and conflicts in the medical evidence. See Reddick v. Chater, 157 F.3d 715, 722 (9th Cir. 1998). Where the medical evidence in the record is not conclusive, "questions of credibility and

---

[1] As the Ninth Circuit has further explained:

> . . . It is immaterial that the evidence in a case would permit a different conclusion than that which the [Commissioner] reached. If the [Commissioner]'s findings are supported by substantial evidence, the courts are required to accept them. It is the function of the [Commissioner], and not the court's to resolve conflicts in the evidence. While the court may not try the case de novo, neither may it abdicate its traditional function of review. It must scrutinize the record as a whole to determine whether the [Commissioner]'s conclusions are rational. If they are . . . they must be upheld.

Sorenson, 514 F.2d at 1119 n.10.

REPORT AND RECOMMENDATION - 3

resolution of conflicts" are solely the functions of the ALJ. Sample v. Schweiker, 694 F.2d 639, 642 (9th Cir. 1982).  In such cases, "the ALJ's conclusion must be upheld." Morgan v. Commissioner of the Social Sec. Admin., 169 F.3d 595, 601 (9th Cir. 1999).  Determining whether inconsistencies in the medical evidence "are material (or are in fact inconsistencies at all) and whether certain factors are relevant to discount" the opinions of medical experts "falls within this responsibility." Id. at 603.

In resolving questions of credibility and conflicts in the evidence, an ALJ's findings "must be supported by specific, cogent reasons." Reddick, 157 F.3d at 725.  The ALJ can do this "by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." Id.  The ALJ also may draw inferences "logically flowing from the evidence." Sample, 694 F.2d at 642.  Further, the Court itself may draw "specific and legitimate inferences from the ALJ's opinion." Magallanes v. Bowen, 881 F.2d 747, 755, (9th Cir. 1989).

The ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of either a treating or examining physician. Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1996).  Even when a treating or examining physician's opinion is contradicted, that opinion "can only be rejected for specific and legitimate reasons that are supported by substantial evidence in the record." Id. at 830-31.  However, the ALJ "need not discuss *all* evidence presented" to him or her. Vincent on Behalf of Vincent v. Heckler, 739 F.3d 1393, 1394-95 (9th Cir. 1984) (citation omitted) (emphasis in original).  The ALJ must only explain why "significant probative evidence has been rejected." Id.; see also Cotter v. Harris, 642 F.2d 700, 706-07 (3rd Cir. 1981); Garfield v. Schweiker, 732 F.2d 605, 610 (7th Cir. 1984).

In general, more weight is given to a treating physician's opinion than to the opinions of

REPORT AND RECOMMENDATION - 4

those who do not treat the claimant. See Lester, 81 F.3d at 830.  On the other hand, an ALJ need not accept the opinion of a treating physician, "if that opinion is brief, conclusory, and inadequately supported by clinical findings" or "by the record as a whole." Batson v. Commissioner of Social Sec. Admin., 359 F.3d 1190, 1195 (9th Cir. 2004); see also Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir. 2002); Tonapetyan v. Halter, 242 F.3d 1144, 1149 (9th Cir. 2001).  An examining physician's opinion is "entitled to greater weight than the opinion of a nonexamining physician." Lester, 81 F.3d at 830-31.  A non-examining physician's opinion may constitute substantial evidence if "it is consistent with other independent evidence in the record." Id. at 830-31; Tonapetyan, 242 F.3d at 1149.

In early August 2010, Dr. Covell completed a psychological evaluation report, in which she opined in relevant part:

> Ms. Clifford presents with prominent anxiety symptoms, as well as persist [sic], mild depression.  She further presents with dependent personality characteristics that further impair her functioning and limit her resources for managing and coping with her difficulties. . . . She may also struggle with learning deficits, though assessment of these limitations was beyond the scope of the present evaluation.
>
> . . .
>
> No impairments are evidence in Ms. Clifford's understanding, recall, or performance of simple instructions, though she may have mild difficulty making simple, routine judgments due to dependent personality traits.  Given her reported difficulty with comprehension and learning, along with her tendency toward anxious rumination, she may have difficulty with understanding, recall, and performance of complex tasks and instructions. Her pace and persistence in performing tasks is likely to be impacted by her anxious thoughts, tendency to avoid situations, preoccupation with physical symptoms of distress, and fatigue/apathy, as well as her tendency to be easily overwhelmed, and her need for excessive reassurance by or reliance on others to perform some tasks.  She . . . appears to have limited resources for coping with stressors or adapting to change, and is likely to respond to these situations with helplessness, withdrawal, or physiological symptoms of anxiety (e.g., "panic" symptoms).  Given the nature of her anxiety, she may have difficulty interacting with others and be easily distracted by her

REPORT AND RECOMMENDATION - 5

>preoccupation by her emotional discomfort (particularly in public or crowded settings), difficulty with independent decision-making, and fear of being alone. She is likely to work adequately with supervisors.

AR 240-41.

With respect to Dr. Covell's opinion, the ALJ stated in relevant part:

> . . . I give significant weight to the opinion of Dr. Covell that the claimant has no difficulty in understanding, recall or performance of simple instructions (4F/7). She would only have mild difficulty making simple, routine judgments (4F/7). Her anxious thoughts may impact her pace and persistence in task (4F/8). She may have difficulty dealing with others and be easily distracted (4F/8). She can work adequately with supervisors (4F/8). I give significant weight to Dr. Covell's opinion because she had the opportunity to examine and test the claimant prior to discussing her workplace restrictions. Her opinion is consistent with the claimant's performance during the evaluation and the claimant's own statements regarding her ability to interact with others. She has no difficulty performing simple, routine tasks as evidenced by her ability to manage money[,] Hollywood video and perform a simple task during the examination.

AR 19. Plaintiff argues that while the ALJ stated he gave significant weight to the opinion of Dr. Covell, he failed to adopt Dr. Covell's findings concerning persistence and pace, difficulties in coping with stressors and adapting to change, difficulty interacting with others, and being easily distracted. The undersigned agrees the ALJ so erred.

In regard to plaintiff's mental residual functional capacity ("RFC"), the ALJ found she could perform simple, routine tasks that do not require public contact. See AR 15. As noted by plaintiff, Dr. Covell made a clear distinction between the limitation to simple instructions and judgments and the impact she found her mental health symptoms would have on her persistence and pace. See AR 240-41. Thus, the ALJ's limitation to simple, routine tasks does not fully take into account the additional limitation in persistence and pace Dr. Covell found. The same is true in regard to the limited resources Dr. Covell stated plaintiff would have for coping with stressors or adapting to change, which also would not necessarily be accommodated by a restriction to no

REPORT AND RECOMMENDATION - 6

public contact. See AR 241.  Finally, as plaintiff points out, the no public contact limitation the ALJ adopted, does not fully address the difficulties Dr. Covell felt she would have in interacting with others or being easily distracted since those difficulties could very well occur in a work setting with co-workers.

Defendant employs a five-step "sequential evaluation process" to determine whether a claimant is disabled. See 20 C.F.R. § 404.1520; 20 C.F.R. § 416.920.  If the claimant is found disabled or not disabled at any particular step thereof, the disability determination is made at that step, and the sequential evaluation process ends. See id.  If a disability determination "cannot be made on the basis of medical factors alone at step three of that process," the ALJ must identify the claimant's "functional limitations and restrictions" and assess his or her "remaining capacities for work-related activities." Social Security Ruling ("SSR") 96-8p, 1996 WL 374184 *2.  A claimant's RFC assessment is used at step four to determine whether the claimant can do his or her past relevant work, and at step five to determine whether he or she can do other work. See id.

Residual functional capacity thus is what the claimant "can still do despite his or her limitations." Id.  It is the maximum amount of work the claimant is able to perform based on all of the relevant evidence in the record. See id.  However, an inability to work must result from the claimant's "physical or mental impairment(s)." Id.  Thus, the ALJ must consider only those limitations and restrictions "attributable to medically determinable impairments." Id.  In assessing a claimant's RFC, the ALJ also is required to discuss why the claimant's "symptom-related functional limitations and restrictions can or cannot reasonably be accepted as consistent with the medical or other evidence." Id. at *7.

As discussed above, the ALJ found plaintiff had the mental residual functional capacity

REPORT AND RECOMMENDATION - 7

to perform simple, routine tasks requiring no public contact. See AR 15. As also discussed above, however, the ALJ did not fully take into account the additional limitations in persistence and pace, handling stressors and adapting to change, interacting with others, and being easily distracted found by Dr. Covell. Accordingly, the ALJ's RFC assessment cannot be said to be supported by substantial evidence.

If a claimant cannot perform his or her past relevant work, at step five of the disability evaluation process the ALJ must show there are a significant number of jobs in the national economy the claimant is able to do. See Tackett v. Apfel, 180 F.3d 1094, 1098-99 (9th Cir. 1999); 20 C.F.R. § 404.1520(d), (e), § 416.920(d), (e). The ALJ can do this through the testimony of a vocational expert or by reference to defendant's Medical-Vocational Guidelines (the "Grids"). Tackett, 180 F.3d at 1100-1101; Osenbrock v. Apfel, 240 F.3d 1157, 1162 (9th Cir. 2000).

An ALJ's findings will be upheld if the weight of the medical evidence supports the hypothetical posed by the ALJ. See Martinez v. Heckler, 807 F.2d 771, 774 (9th Cir. 1987); Gallant v. Heckler, 753 F.2d 1450, 1456 (9th Cir. 1984). The vocational expert's testimony therefore must be reliable in light of the medical evidence to qualify as substantial evidence. See Embrey v. Bowen, 849 F.2d 418, 422 (9th Cir. 1988). Accordingly, the ALJ's description of the claimant's disability "must be accurate, detailed, and supported by the medical record." Id. (citations omitted). The ALJ, however, may omit from that description those limitations he or she finds do not exist. See Rollins v. Massanari, 261 F.3d 853, 857 (9th Cir. 2001).

The ALJ found plaintiff could perform a significant number of jobs existing in the national economy, based on a hypothetical question he posed to the vocational expert containing the same mental functional limitations as were included in the ALJ's RFC assessment. See AR

REPORT AND RECOMMENDATION - 8

21. But again because the ALJ erred in failing to explain why he did not fully adopt all of the functional limitations Dr. Covell assessed, and thus in assessing plaintiff's residual functional capacity, the ALJ's step five determination also cannot be said to be supported by substantial evidence, and therefore is in error.

The Court may remand this case "either for additional evidence and findings or to award benefits." Smolen, 80 F.3d at 1292. Generally, when the Court reverses an ALJ's decision, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." Benecke v. Barnhart, 379 F.3d 587, 595 (9th Cir. 2004) (citations omitted). Thus, it is "the unusual case in which it is clear from the record that the claimant is unable to perform gainful employment in the national economy," that "remand for an immediate award of benefits is appropriate." Id.

Benefits may be awarded where "the record has been fully developed" and "further administrative proceedings would serve no useful purpose." Smolen, 80 F.3d at 1292; Holohan v. Massanari, 246 F.3d 1195, 1210 (9th Cir. 2001). Specifically, benefits should be awarded where:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting [the claimant's] evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

Smolen, 80 F.3d 1273 at 1292; McCartey v. Massanari, 298 F.3d 1072, 1076-77 (9th Cir. 2002). Because issues still remain in regard to the medical evidence in the record concerning plaintiff's mental functional limitations, her residual functional capacity and her ability to perform other jobs existing in significant numbers in the national economy, remand for further consideration of these issues is warranted.

REPORT AND RECOMMENDATION - 9

## CONCLUSION

Based on the foregoing discussion, the undersigned recommends the Court find the ALJ improperly concluded plaintiff was not disabled. Accordingly, the undersigned recommends as well that the Court reverse the decision to deny benefits and remand this matter for further administrative proceedings in accordance with the findings contained herein.

Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 72(b), the parties shall have **fourteen (14) days** from service of this Report and Recommendation to file written objections thereto. See also Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. See Thomas v. Arn, 474 U.S. 140 (1985). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the clerk is directed set this matter for consideration on **August 29, 2014**, as noted in the caption.

DATED this 13th day of August, 2014.

Karen L. Strombom
United States Magistrate Judge

REPORT AND RECOMMENDATION - 10